IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Boston Division

SALVADORE SARRICA,

      Plaintiff

vs.                            Civil Action No.: 05-11279 NG

NATIONAL RAILROAD PASSENGER
CORPORATION

      Defendant

**PROPOSED JOINT SCHEDULING PLAN
PURSUANT TO RULE 16(B) AND 26(F)**

1.    Statement of the Case

This case involves a personal injury action brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq. Salvatore Sarrica worked for the defendant railroads from 1980 through the present as a laborer.

As a result of his job duties, Plaintiff was exposed to asbestos, including but not limited to exposure to toxic dusts, fumes, vapors, mists, and gases. It is Plaintiff's claim that as a result of the Defendant's negligence, Plaintiff was diagnosed with asbestosis.

Defendants failed to provide Plaintiff with a safe work environment under the FELA, specifically, failing to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed.

The Defendants deny Plaintiff's claims and further deny that their alleged negligence was the proximate cause of Plaintiff's asbestosis.

2.    Joint Discovery Plan

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

    (a)    All additional parties shall be joined by January 15, 2006.

    (b)    Amendment of pleadings shall be completed by January 15, 2006.

    (c)    Parties will exchange initial disclosures by January 15, 2006.

    (d)    All fact discovery should be completed by April 15, 2006.

    (e)    All experts who may be witnesses for the Plaintiff shall be designated no later than May 15, 2006.

    (f)    All experts who may be witnesses for the Defendants shall be designated no later than June 15, 2006.

    (g)    All expert discovery shall be completed by July 15, 2006.

    (h)    All motions for Summary Judgment to be filed by August 15, 2006.

Thomas J. Joyce, III, Esq., of Hannon & Joyce, and Michael J. McDevitt, of Lawson & Weitzan, LLP, counsel for Plaintiff Salvatore Sarrica, and Paul Sahovey, Esq. of Massachusetts Bay Transportation Authority, counsel for Defendant, National Railroad Passenger Corporation, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b).

Discovery is expected to include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and environmental efforts regarding exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including asbestos.

The parties and their respective counsel have conferred regarding settlement. The Plaintiff has made a demand to the Defendant AMTRAK, and the Defendant is currently evaluating the case for settlement.

Dated: November 28, 2005

Respectfully Submitted,

ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esq.
HANNON & JOYCE
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA   19106
215-446-4460

Michael J. McDevitt, Esq.
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff

ATTORNEY FOR DEFENDANT

Paul Sahovey, Esq.
Massachusetts Bay
Transportation Authority
10 Park Plaza
Boston, MA   02116-3974
617-222-3189

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Boston Division

SALVATORE SARRICA

      Plaintiff

vs.                            Civil Action No.: 05-11279 NG

NATIONAL RAILROAD
PASSENGER CORPORATION,

      Defendant

**REPORT OF PARTIES' PLANNING CONFERENCE**

    Pursuant to this Court's Order, Thomas J. Joyce, III and Michael McDevitt, representing Plaintiff, and Paul Sahovey, representing the Defendant, met on November 29, 2005, pursuant to Rule 26(f) to discuss:

(1)    the nature and basis of their claims and defenses;

(2)    the possibility for a prompt settlement or resolution of this case;

(3)    to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

    1.    The parties will exchange written Interrogatories and Request for production of Documents;

    2.    Defendant will take Plaintiff's discovery deposition;

3. Plaintiff will be made available for defense medical examination;

4. Plaintiff will take the discovery deposition of Defendant's Safety Director, and Medical Director; and

5. The parties will conduct site inspection of Plaintiff's workplace.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

1. None

C. Discovery will be needed on the following subjects:

1. Plaintiff's work history;

2. Plaintiff's medical history;

3. Plaintiff's exposure to asbestosis;

4. Defendant's safety program to prevent occupational asbestosis;

5. Causation; and

6. Plaintiff's economic and non-economic damages

D. Discovery should be conducted in phases.

E. Discovery is not likely to be contentious and management of discovery should be referred to the Magistrate Judge.  YES **X**   NO____

F. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution, and this case would be appropriate for mediation.

H. The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has made a written demand of $100,000.00, and the Defendant has offered $0.

I. The Court should consider the following methods of expediting the resolution of this matter: A settlement conference following completion of discovery.

Dated: November 29, 2005

ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esq.
HANNON & JOYCE
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA  19106
215 446-4460

Michael J. McDevitt, Esq.
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
617-439-4990
Local Counsel for Plaintiff

ATTORNEY FOR DEFENDANT

Paul Sahovey, Esq.
Massachusetts Bay
Transportation Authority
10 Park Plaza
Boston, MA  02116-3974
617-222-3189